# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JAMONE SHARUELL JONES,

       Movant,

                                 File No. 1:08-CV-342

v.

                                 HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.

_____/

## **O P I N I O N**

This matter comes before the Court on Jamone Sharuell Jones's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court.

## **I.**

On December 4, 2002, Movant Jamone Sharuell Jones was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and one count of possessing marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). *United States v. Jones*, 1:02-CR-277 (W.D. Mich.) (Crim. Dkt. No. 1, Indictment.)[1]   On January 23, 2007, Movant entered a plea of guilty to being a felon in possession of a firearm pursuant to a plea agreement. (Crim Dkt. No. 18, Plea Agrm't; Crim. Dkt. No. 21, Plea Tr.) Movant was sentenced to 108 months in prison. (Crim. Dkt. No. 26, J.) The marijuana

---

[1]Citations to "Civ. Dkt. No. __" refer to File No. 1:08-CV-342 (W.D. Mich.), and citations to "Crim. Dkt. No. __" refer to File No. 1:02-CR-277 (W.D. Mich.).

distribution charge was dismissed at the time of sentencing. (*Id*.) Movant did not appeal his conviction and/or sentence.

Movant filed this § 2255 petition on April 14, 2008. (Civ. Dkt. No. 1, § 2255 Pet.) Movant contends that he received ineffective assistance of counsel at sentencing because counsel failed to object to a four-point enhancement pursuant to U.S.S.G. § 2K2.1(b)(6) for possession of a firearm in connection with another felony offense, and because counsel failed to file an appeal.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a

violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

To make out a claim of ineffective assistance of counsel, Movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the Defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

A court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28

U.S.C. § 2255. Section 2255 does not require a full blown evidentiary hearing in every instance. "Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made." *Smith v. United States*, 348 F.3d 545, 550-551 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

## II.

Jones's claim that his trial counsel failed to effectively oppose the imposition of a four-level sentencing enhancement pursuant to 2K2.1(b)(6) is directly contradicted by the record. The Presentence Report ("PSR") recommended a four-point enhancement for using a firearm in connection with a felony and a two-point enhancement for possessing two to seven firearms. Jones's trial counsel, Frank Stanley, vigorously contested the application of both enhancements. Trial counsel raised his objections during a dispute resolution meeting with the probation officer and in a sentencing memorandum. (PSR Addendum at 1-2; Crim

Dkt. No. 22, Sentencing Mem.) He even took the extraordinary step of filing a personal declaration as factual support for Movant's position that he possessed the firearm for self-protection from threats arising from an unrelated circumstance. (Crim. Dkt. No. 23, Stanley Decl.). Trial counsel also argued his position on the record at the time of sentencing. (Crim. Dkt. No. 28, Sentencing Tr. 7-12.) The Court sustained trial counsel's objection to the two-point enhancement for the number of weapons, but overruled his objection to the four-point enhancement. (*Id.* at 13-15.) The uncontested evidence revealed that there was marijuana trafficking from the house, that there was marijuana in the house, and that Movant possessed a firearm under the mattress of his bed. Based upon this evidence, and despite counsel's best efforts, the Court found, by a preponderance of the evidence, that Movant did possess a firearm in connection with another felony offense and that application of the four-point enhancement was appropriate. (*Id.*); *see also* U.S.S.G. § 2K2.1(b)(6) cmt. n. 14(B)(ii) ("[I]n the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, . . . [the enhancement] is warranted because the presence of the firearm has the potential of facilitating another felony offense . . . ."); *United States v. Ennenga*, 263 F.3d 499, 503 (6th Cir. 2001) (noting that under the "fortress theory," a sufficient connection is established "if it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction."). The fact that there were alternative explanations for Movant's possession of the firearm did not preclude application of the enhancement

because a criminal may possess firearms with more than one purpose in mind. *United States v. Hardin*, 248 F.3d 489, 498 (6th Cir. 2001).

The fact that counsel's opposition to the four-point enhancement was unsuccessful does not render his representation deficient or prejudicial. Movant has not demonstrated that counsel's performance fell below an objective standard of reasonableness.

### III.

Contrary to Movant's assertions, the record also conclusively reflects that counsel was not ineffective for failing to file an appeal. On May 1, 2007, the day after Movant was sentenced, trial counsel sent a letter to Movant and to his mother to discuss the possibility of an appeal. (Civ. Dkt. No. 7, Gov't Resp., Ex. B, 05/01/2007 letter from Stanley to Jones.) Trial counsel outlined the issue that could be raised on appeal, its chance of success, the relief that might be obtained, and the cost of an appeal. (*Id.*) Based on all of these factors, trial counsel did not recommend an appeal. (*Id.*) However, in the event that Movant wanted to appeal, counsel quoted a fee for his representation and advised when the notice of appeal would have to be filed. (*Id.*) Finally, trial counsel stated that "[i]f I do not hear from you, I will assume that you do not want me to pursue any appeal, and I will not be filing any documents on Jamone's behalf." (*Id.*) According to trial counsel, he was never contacted by Movant or his mother, and that is why he took no action to pursue an appeal. (Stanley Decl. ¶ 44.)

Movant has not contradicted any of the assertions in his trial counsel's declaration or in trial counsel's letter. Movant merely asserts in his own responsive declaration that on the

day he was sentenced he did request trial counsel to file an appeal.  (Civ. Dkt. No. 14, Jones Decl. ¶ 2.)  Movant has neither asserted nor produced any evidence that he responded to trial counsel's May 1, 2007, letter inquiring about the appeal.  In light of Movant's silence, trial counsel reasonably concluded that Movant had decided not to file an appeal.  Based upon the uncontroverted record, the Court concludes that Movant has not shown that counsel was ineffective for failing to file an appeal.

Finally, Movant has requested an evidentiary hearing. (Civ. Dkt. No.15, Mot for Evid. Hr'g.)  Movant contends that his declaration refutes counsel's declaration and creates issues of fact that can only be resolved at an evidentiary hearing.  Upon review, the Court finds that contrary to Movant's assertion, his declaration does not refute the assertions in his counsel's affidavit and does not create issues of fact.

## IV.

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255.  Accordingly, for the reasons stated herein, Movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.

An application for a certificate of appealability will also be denied because Movant cannot make a substantial showing of the denial of a federal constitutional right with respect to any of his claims.  *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

An order consistent with this opinion will be entered.

Dated:     January 11, 2010                    /s/ Robert Holmes Bell
                                               ROBERT HOLMES BELL
                                               UNITED STATES DISTRICT JUDGE